IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAURA G. KAPPAUF                          :        CIVIL ACTION

     V.                                 :        NO. 02-3546

GOLDEN TECHNOLOGIES, INC., HARTZELS        :
PHARMACY and HUBBELL SPECIAL
PRODUCTS, INC. AND DOES I-X, inclusive     :

<u>NOTICE OF MOTION</u>

    TO:    Robert Avolio, Esquire
           3150 Brunswick Pike
           Lawrenceville, NJ 08648

    Notice is hereby given that defendant, Hartzels Pharmacy has filed with the Clerk of Court a Motion to Dismiss the Complaint of the Plaintiffs, along with supporting memorandum of law on June 26, 2002.   Please be advised that you have fourteen (14) days upon receipt in which to respond or otherwise plead.

                     GOLD, BUTKOVITZ & ROBINS, P.C.


           BY:    _____
                 ALAN S. GOLD
                 Attorney for Defendant,
                 Hartzel's Pharmacy

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAURA G. KAPPAUF                          :        CIVIL ACTION

    V.                                    :        NO. 02-3546

GOLDEN TECHNOLOGIES, INC., HARTZELS        :
PHARMACY and HUBBELL SPECIAL
PRODUCTS, INC. AND DOES I-X, inclusive     :


## ORDER

    AND NOW, this     Day of     , 2002, it is hereby ORDERED that upon consideration

of the Motion of Hartzels Pharmacy to Dismiss the Complaint of Laura G. Kappauf and any response

by the Plaintiff, the Motion is GRANTED and the Complaint is DISMISSED because this Court lacks

subject matter jurisdiction over the Complaint.


                       _____
                       UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAURA G. KAPPAUF                    :        CIVIL ACTION

    V.                                      :        NO. 02-3546

GOLDEN TECHNOLOGIES, INC., HARTZELS    :
PHARMACY and HUBBELL SPECIAL
PRODUCTS, INC. AND DOES I-X, inclusive    :

MOTION OF HARTZELS PHARMACY TO DISMISS THE COMPLAINT
OF LAURA G. KAPPAUF FOR LACK OF SUBJECT MATTER JURISDICTION
AND FOR FAILURE TO STATE A CAUSE OF ACTION FOR PUNITIVE
<u>DAMAGES AND ATTORNEYS FEES</u>

Hartzels Pharmacy ("Hartzels") respectfully requests that its motion to dismiss the complaint of

Laura G. Kappauf ("Kappauf") be granted and states in support thereof the following:

1.        Kappauf has filed a complaint against Golden Technologies, Inc., Hartzels, Hubbell

Special Products, Inc. and Does I-X, inclusive, contending that they either sold or manufactured a

defective problem which caused injury to Kappauf.  A copy of the complaint appears hereto as Exhibit

"A".

2.        Kappauf bases this Court's jurisdiction solely upon 28 U.S.C. §1332, diversity of

citizenship.

3.        An examination of the complaint shows that Kappauf fails to plead diversity properly.

Kappauf identifies herself as an adult residing in the State of Florida.  She does not indicate her state of

citizenship.  See Exhibit "A", paragraph 3. At the time of the incident Kappauf contends that she

resided in the Commonwealth of Pennsylvania.  She never indicates  whether at the time she filed the

complaint in this case she was a citizen of Florida or a citizen of the Commonwealth of Pennsylvania.

1

Kappauf never states a present intention to be a citizen of Florida for the foreseable future.

      4.     Allegations of a plaintiff's state of residence fail to meet the requirements of pleading

diversity.  In order to plead a claim for diversity sufficient to enable this Court to exercise its subject

matter jurisdiction pursuant to 28 U.S.C. §1332 a plaintiff must identify her state of citizenship not her

state of residence.  Shiffler v. Equitable Life Assur. Soc. Of U.S., 663 F.Supp. 155 (E.D. Pa. 1986)

aff'd 838 F.2d 78 (3d Cir. 1986)(allegations that surviving spouse resided in Pennsylvania did not

plead diversity of citizenship); Fleming v. Mack Trucks, Inc., 508 F.Supp. 917 (E.D. Pa.

1981)(complaint which alleged that plaintiff resided in Canada and did not indicate the state of his

domicile or citizenship did not plead diversity pursuant to 28 U.S.C. §1332).

      5.     The complaint also fails to plead diversity for a separate reason.  The Doe allegations

defeat diversity jurisdiction.  They do not indicate the state of citizenship of the Doe defendants.  See

Exhibit "A", paragraph 7 of the complaint.  Consequently, this Court lacks subject matter jurisdiction

over this claim.  It should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

      6.     The complaint seeks attorney's fees.  Pursuant to Pennsylvania law a plaintiff in a

personal injury action has no right to attorney's fees unless a contract provides for them or a statute

authorizes them.  See Wrenfield Home Owners Association, Inc. v. DeYoung, 410 Pa. Super. 621,

600 A.2d 960 (1991); Chatham Communications, Inc. v. General Press Corp., 463 Pa. 292, 300-

301, 344 A.2d 837, 842 (1975).  Neither situation exists here.  Consequently, the claim for attorney's

fees must be dismissed.  Here, the complaint identifies no contract authorizing attorney's fees.  It

identifies no statute authorizing attorney's fees.

      7.     The complaint also seeks punitive damages.  It contains no averment supporting a claim

for punitive damages.  The complaint does not allege outrageous or intentional conduct.  Consequently,

the plaintiff has failed to state a claim for punitive damages.

     WHEREFORE, Hartzels Pharmacy respectfully requests that its motion to dismiss the

complaint of Laura G. Kappauf be granted and that the complaint be dismissed.

                        GOLD, BUTKOVITZ & ROBINS, P.C.

             BY:     _____

                     ALAN S. GOLD
                     Attorney for Defendant,
                     Hartzels Pharmacy

                     7837 Old York Road
                     Elkins Park, PA 19027
                     (215) 635-2000

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAURA G. KAPPAUF                       :        CIVIL ACTION

    V.                                 :        NO. 02-3546

GOLDEN TECHNOLOGIES, INC., HARTZELS    :
PHARMACY and HUBBELL SPECIAL
PRODUCTS, INC. AND DOES I-X, inclusive :

MEMORANDUM OF LAW OF HARTZELS PHARMACY IN SUPPORT
OF ITS MOTION TO DISMISS THE COMPLAINT OF LAURA G. KAPPAUF

## I. INTRODUCTION

Laura G. Kappauf ("Kappauf") has filed a complaint against Golden Technologies, Inc.,

Hartzels Pharmacy ("Hartzels"), Hubbell Special Products, Inc. and Does I-X, inclusive, contending

that they either sold or manufactured a defective problem which caused injury to Kappauf.  A copy of

the complaint appears hereto as Exhibit "A".

Kappauf bases this Court's jurisdiction solely upon 28 U.S.C. §1332, diversity of citizenship.

An examination of the complaint shows that Kappauf fails to plead diversity properly.  Kappauf

identifies herself as an adult residing in the State of Florida.  She does not indicate her state of

citizenship.  See Exhibit "A", paragraph 3. At the time of the incident Kappauf contends that she

resided in the Commonwealth of Pennsylvania.  She never indicates  whether at the time she filed the

complaint in this case she was a citizen of Florida or a citizen of the Commonwealth of Pennsylvania.

Kappauf never states a present intention to be a citizen of Florida for the foreesable future.

Allegations of a plaintiff's state of residence fail to meet the requirements of pleading diversity.

In order to plead a claim for diversity sufficient to enable this Court to exercise its subject matter

1

jurisdiction pursuant to 28 U.S.C. §1332 a plaintiff must identify her state of citizenship not her state of residence. Shiffler v. Equitable Life Assur. Soc. Of U.S., 663 F.Supp. 155 (E.D. Pa. 1986) aff'd 838 F.2d 78 (3d Cir. 1986)(allegations that surviving spouse resided in Pennsylvania did not plead diversity of citizenship); Fleming v. Mack Trucks, Inc., 508 F.Supp. 917 (E.D. Pa. 1981)(complaint which alleged that plaintiff resided in Canada and did not indicate the state of his domicile or citizenship did not plead diversity pursuant to 28 U.S.C. §1332).

The complaint also fails to plead diversity for a separate reason. The Doe allegations defeat diversity jurisdiction. They do not indicate the state of citizenship of the Doe defendants. See Exhibit "A", paragraph 7 of the complaint. Consequently, this Court lacks subject matter jurisdiction over this claim. It should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

The complaint seeks attorney's fees. Pursuant to Pennsylvania law a plaintiff in a personal injury action has no right to attorney's fees unless a contract provides for them or a statute authorizes them. See Wrenfield Home Owners Association, Inc. v. DeYoung, 410 Pa. Super. 621, 600 A.2d 960 (1991); Chatham Communications, Inc. v. General Press Corp., 463 Pa. 292, 300-301, 344 A.2d 837, 842 (1975). Neither situation exists here. Consequently, the claim for attorney's fees must be dismissed. Here, the complaint identifies no contract authorizing attorney's fees. It identifies no statute authorizing attorney's fees.

The complaint also seeks punitive damages. It contains no averment supporting a claim for punitive damages. The complaint does not allege outrageous or intentional conduct. Consequently, the plaintiff has failed to state a claim for punitive damages.

2

II. <u>ARGUMENT</u>

A.    This Court Lacks Subject Matter Jurisdiction Over The Complaint Of
      Kappauf Because She Fails To Plead Diversity Jurisdiction Since
      She Never Identifies Her State of Citizenship Or The State Of Citizenship
      Of The Doe Defendants.

This Court lacks subject matter jurisdiction over the complaint of Kappauf because she fails to plead diversity jurisdiction since she never identifies her state of citizenship or the state of citizenship of the Doe defendants.  To support an assertion of diversity jurisdiction allegations of citizenship of all parties to a law suit must appear in the complaint.  Where the complaint contains no such allegations, the complaint must be dismissed for lack of subject matter jurisdiction.  <u>Lentino v. Fringe Emp. Plans, Inc.</u>, 611 F.2d 474 (3d Cir. 1979).  Allegations of citizenship are required to meet jurisdictional requirements rather than allegations of residence in an action under the diversity jurisdiction statute at 28 U.S.C. §1332.  <u>Guerrino v. Ohio Cas. Inc. Ins. Co.</u>, 423 F.2d 419 (3d Cir. 1970).

Allegations that a surviving spouse resided in Pennsylvania and do not establish citizenship for diversity purposes.  <u>Shiffler</u>, <u>supra</u>, 663 F.Supp. 155.  In <u>Fleming v. Mack Trucks, Inc.</u>, 508 F.Supp. 917 (E.D. Pa. 1981) the complaint alleged that the plaintiff resided in Canada and did not indicate the state of his domicile and citizenship.  The Court concluded that this failed to meet the requirements for pleading citizenship pursuant to diversity of citizenship as set forth in 28 U.S.C. §1332.  See <u>McGonigle v. Baxter</u>, 27 F.R.D. 504 (E.D. Pa. 1961)(plaintiff who merely alleged New Jersey residence in an action based on diversity of citizenship failed to allege required jurisdictional facts).

The complaint never identifies the state of citizenship of Kappauf.  Instead, it only alleges that she currently resides in the State of Florida.  See Exhibit "A", paragraph 3.  It asserts that at the time of

3

the incident she resided in Pennsylvania.  See Exhibit "A", paragraph 3.  The complaint never identifies

the state of citizenship of Kappauf.  Consequently, Kappauf has failed to allege diversity of citizenship

as required to state a claim sufficient to assert the subject matter jurisdiction of this Court pursuant to 28

U.S.C. §1332.

The complaint contains another defect which results in this Court not having subject matter

jurisdiction pursuant to diversity of citizenship.  The complaint attempts to state a claim against ten Doe

defendants.  It never identifies their states of citizenship.  See Exhibit "A", paragraph 7.  Consequently,

the Doe allegations defeat diversity jurisdiction.  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26

(3d Cir. 1985) app'l after remand, 694 F.Supp. 140.

      B.     The Complaint Fails To State A Cause Of Action For Attorney's Fees.

The complaint fails to state a cause of action for attorney's fees.  The complaint asks for

attorney's fees.  The Courts of the Commonwealth of Pennsylvania do not permit the award of

attorney's fees to plaintiffs in personal injury actions unless a contractual agreement provides for it or a

statute authorizes it.  See Wrenfield Home Owners Association, Inc. v. DeYoung, 410 Pa. Super. 621,

600 A.2d 960 (1991); Chatham Communications, Inc. v. General Press Corp., 463 Pa. 292, 300-

301, 344 A.2d 837, 842 (1975).

Kappauf has not pled any contractual relationship with Hartzels which provides for the award

of attorney's fees.  Kappauf has not identified any statute from any jurisdiction which provides for the

award of attorney's fees in the situation set forth in this complaint.  See Exhibit "A".  Consequently,

Kappauf has failed to plead a cause of action for attorney's fees.

C.    Kappauf Has Not Alleged A Claim For Punitive Damages.

Kappauf does not set forth any averments relating to punitive damages. She merely asks for punitive damages in her prayer for relief. She sets forth no averments in her complaint which would support such a cause of action. She does not allege any type of conduct by Hartzels which would support an award of punitive damages. Pennsylvania courts do not authorize the award of punitive damages for negligence or even gross negligence. Martin v. Johns Manville Corp., 508 Pa. 154, 494 A.2d 1088 (1985).

## III. CONCLUSION

In the light of the foregoing Hartzels Pharmacy respectfully requests that its motion to dismiss the complaint of Laura G. Kappauf be granted.

GOLD, BUTKOVITZ & ROBINS, P.C.


BY:    _____
       ALAN S. GOLD
       Attorney for Defendant,
       Hartzels Pharmacy

5

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I have sent a true and correct copy of Hartzel's Pharmacy's Motion to Dismiss the Complaint of the Plaintiffs, along with supporting Memorandum of Law and Exhibits via First Class Regular Mail on this date to the following individual:

Robert Avolio, Esquire
3150 Brunswick Pike
Lawrenceville, NJ 08648


_____
ALAN S. GOLD

DATE: _____

6