UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Laura G. Kappauf                      :
                                      :
            vs.                       :   Civil Action
                                      :
Golden Technologies, Inc.,            :   No: 02-3546
Hubbell Special Products, Inc.
Hartzel's Pharmacy, and Does I-X      :

**ANSWER OF DEFENDANT GOLDEN TECHNOLOGIES, INC.
TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, Golden Technologies, Inc., by and through its attorneys, Murphy & O'Connor, responds in opposition to the Complaint of plaintiff Laura G. Kappauf, and avers in support thereof as follows:

**I
JURISDICTION**

1.  Denied.  To the contrary, it appears that diversity of citizenship does not exist between plaintiff, believed to be a citizen and resident of the Commonwealth of Pennsylvania, and defendant Golden Technologies, Inc., a Pennsylvania Corporation with a principal place of business located in Luzerne County, Pennsylvania.

2.  Denied.

**II
PARTIES**

3.  Denied.  To the contrary, it appears from sworn deposition testimony that plaintiff is a citizen and resident of

the Commonwealth of Pennsylvania, residing at all relevant times at 5244 Buss Drive, Emmaus, Lehigh County, Pennsylvania.

    4.   Admitted.

    5.   The allegations set forth in paragraph 5 of plaintiff's Complaint are directed to a defendant other than answering defendant herein and therefore require no response.  To the extent said averments affect any defense of answering defendant, factual and/or legal, strict proof in support thereof is demanded at the time of trial.

    6.   The allegations set forth in paragraph 6 of plaintiff's Complaint are directed to a defendant other than answering defendant herein and therefore require no response.  To the extent said averments affect any defense of answering defendant, factual and/or legal, strict proof in support thereof is demanded at the time of trial.

    7.   This allegation requires no response.

### III
### FACTS

    8.   Answering defendant incorporates by reference its responses to paragraphs 1 through 7, above, as fully as though same were set forth at length herein.

    9.   Denied as stated.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the factual averment regarding where plaintiff purchased the lift chair in question.  It is admitted, however, that

answering defendant, Golden Technologies, Inc., did manufacture the chair produced by plaintiff for inspection in this matter.

    10. Admitted upon information and belief.

    11. Denied as stated.  It is denied that any service performed on the chair by employees of co-defendant Hartzel were performed with parts supplied by defendant Golden Technologies, Inc.  Strict proof in support of any such allegation is demanded at the time of trial.

    12. Admitted upon information and belief.

    13. Denied for lack of information.

    14. Denied for lack of information.

    15. Denied.  Some or all of the allegations set forth in paragraph 15 of plaintiff's Complaint are denied as conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure.  Strict proof in support thereof is demanded at the time of trial.  By way of further response, and after reasonable investigation, answering defendant is without knowledge as to the remaining factual averments set forth in paragraph 15 of plaintiff's Complaint.  Strict proof in support thereof is likewise demanded at the time of trial.

**FIRST COUNT - NEGLIGENCE**

    17. Answering defendant incorporates by reference its responses to paragraphs 1 through 16, above, as fully as though same were set forth at length herein.

18. Admitted as to answering defendant Golden Technologies, Inc.

19. Denied for lack of information.

20. Denied for lack of information. By way of further response, and upon information and belief, the control mechanism and cord attached to the chair which forms the basis of this action was not manufactured by answering defendant Golden Technologies, Inc. Rather, upon information and belief, the control mechanism and attached cord were designed, manufactured and/or sold by co-defendant Hubbell Special Products, Inc.

21. Denied as a conclusion of law.

22. Denied. The allegations set forth in paragraph 22 of plaintiff's Complaint, and each and every sub-paragraph therein, are denied as incorrect conclusions of law.

23. Denied.

24. Denied.

25. Denied.

WHEREFORE, answering defendant, Golden Technologies, Inc., demands that plaintiff's Complaint be dismissed against it and judgment entered in its favor on all causes of action asserted.

**SECOND COUNT - BREACH OF IMPLIED WARRANTY**

26. Answering defendant incorporates by reference its responses to paragraphs 1 through 25, above, as fully as though same were set forth at length herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

32. Denied.

33. Denied.

WHEREFORE, answering defendant, Golden Technologies, Inc., demands that plaintiff's Complaint be dismissed against it and judgment entered in its favor on all causes of action asserted.

### THIRD COUNT - STRICT LIABILITY

34. Answering defendant incorporates by reference its responses to paragraphs 1 through 33, above, as fully as though same were set forth at length herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

WHEREFORE, answering defendant, Golden Technologies, Inc., demands that plaintiff's Complaint be dismissed against it and judgment entered in its favor on all causes of action asserted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

If any product manufactured or sold by answering defendant herein is determined to have caused damage to plaintiff, said allegation being specifically denied, then said product was substantially and materially altered after it left answering defendant's control, thereby relieving answering defendant from liability to plaintiff herein.

### THIRD AFFIRMATIVE DEFENSE

It was plaintiff's actions, and/or failure to act, and not any claimed defect, which was the sole and proximate cause of plaintiffs' injuries.

### FOURTH AFFIRMATIVE DEFENSE

The product in question, if manufactured or sold by answering defendant, was not defective at the time it left answering defendant's control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or substantially reduced by the doctrine of comparative negligence.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries were caused by third parties over whom

answering defendant had no control or right of control.

### SEVENTH AFFIRMATIVE DEFENSE

Any product placed into the stream of commerce by answering defendant herein was designed to, and did in fact, meet and/or exceed all applicable industry standards.

### CROSSCLAIM FOR CONTRIBUTION AND/OR INDEMNITY DIRECTED TO DEFENDANTS HUBBELL SPECIAL PRODUCTS, INC. AND HARTZEL'S PHARMACY

41. Answering defendant, Golden Technologies, Inc., incorporates by reference all well-pleaded averments of plaintiff's Complaint, without admission, as fully as though same were set forth fully herein.

42. Answering defendant incorporates by reference herein its prior responses to the allegations of plaintiff's Complaint as fully as though said responses were set forth at length herein.

43. Answering defendant Golden Technologies, Inc. hereby crossclaims against defendants Hartzel Pharmacy and Hubbell Special Products, Inc., and states that any and all liability to plaintiff is denied.  If, however, plaintiff is entitled to recover based on the averments set forth in plaintiff's Complaint, said recovery would more properly be predicated upon the acts or omissions of defendants Hartzel Pharmacy and Hubbell Special Products, Inc., and/or their agents, servants and/or employees.  Defendant Golden Technologies, Inc. therefore avers

that defendants, Hartzel Pharmacy and Hubbell Special Products, Inc., are solely liable to plaintiff, liable over to Golden Technology, Inc., jointly or severally liable to plaintiff, or, liable to Golden Technologies, Inc. directly for contribution and/or indemnification, for any and all injuries and/or damages allegedly sustained by or to be recovered by plaintiff.

WHEREFORE, answering defendant Golden Technologies, Inc., respectfully requests that plaintiff's Complaint against it be dismissed with prejudice and that judgment be entered in its favor on its Crossclaims or, in the alternative, that judgment be entered against each individual co-defendant, with costs and fees assessed against all such parties.

        MURPHY & O'CONNOR, LLP


        By:_____
          Michael J. Dunn, Esquire, #44893
          Attorney for Defendant,
          Golden Technologies, Inc.

          MURPHY & O'CONNOR, LLP
          Two Penn Center Plaza
          15th & JFK Blvd.
          Suite 1100
          Philadelphia, PA 19102
          215.564.0400

DATED:_____